EDWARD L. DOWNEY, Appellant. v. MARY L. DOW-NEY and GEORGE DOWNEY, Respondents, Impleaded with others.

*Proof of will — deposition of witness not affected by the subsequent filing of objections.*

Upon the return day of citations issued upon an application to admit a will to probate, the appellant, two of the heirs-at-law and the petitioner appeared before the surrogate, and the formal depositions of the subscribing witnesses were taken before him and filed in his office. Afterwards, on the same day and before the decree of probate was entered, the appellant appeared and asked leave to file objections and contest the probate of the will, which was granted.

Upon an adjourned day, the contestant claimed that the proofs, taken before he filed his objections and asked leave to contest, were no longer evidence and asked that the proponent be required to produce the subscribing witnesses and examine them.

*Held,* that as the depositions were taken before the surrogate in open court, they were proofs as prescribed by the statute, and that they did not cease to be evidence by reason of the subsequent filing of objections by the contestant.

*Collier* v. *Idley's Exr.* (1 Brad. Sur. R., 94), distinguished.

That the proponent was not obliged to recall the witnesses, and again prove the due execution of the will.

APPEAL from a decree of the Surrogate of Erie county, admitting to probate the will of Thomas Downey, deceased.

*Thos. Corlett,* for the appellant.

*J. M. Humphrey,* for the respondents.

SMITH, J.:

This is an appeal from a decree of the surrogate of Erie county, admitting to probate the will of Thomas Downey, deceased, and establishing the same as a will of both real and personal estate. It appears by the return that, on the return day of the citation Mary L. Downey, the respondent, upon whose petition the citation was issued, and George Downey, and Edward L. Downey, the appellant, two of the heirs-at-law, appeared before the surrogate, and the proof of the will was entered upon and proceeded with. The formal depositions of the two subscribing witnesses to the will were taken before the surrogate, and filed in his office. Afterward, and on the same day, and before the decree of probate was entered, the appellant again appeared before the surrogate and asked leave to file objections and contest the probate of the will, which was granted. Afterward, at an adjourned day, the parties appeared by counsel, and the contestant, by his counsel, claimed that the proofs taken before he filed his objections and obtained leave to contest the will were no longer available to the proponent, and that the case was in the same position as if no proof had been made, and he asked the surrogate to hold that the proponent must produce, and put upon the stand the witnesses sworn before the objections were filed. He also insisted that, as

the testimony taken before the objections were filed, was in the form of depositions, and not an oral examination, it was not evidence in the case.

These several propositions were overruled by the surrogate, and no further proof having been made by either party, the surrogate, on motion of the proponent's counsel, admitted the will to probate, and the counsel for the contestant duly excepted to the several rulings.

We perceive no error in the rulings of the surrogate. When the appellant applied for and obtained leave to come in and file objections, the proponent had made a case by the testimony of the subscribing witness which, if unopposed, would have entitled her to the probate of the will. The effect of allowing the contestant to file objections was not to strike out or annul the testimony previously taken; it was merely to permit him to enter at the stage which the proceedings had then reached, and thereafter to contest them. He had the right to produce and examine witnesses in support of his objections, or to cross-examine the subscribing witnesses whom the proponent had produced. But he did not ask to be permitted to do either of those things. He insisted that the testimony taken should be thrown aside, and that the proof should begin *de novo*. His request that the proponent should be required to produce the subscribing witnesses and put them on the stand, was not stated to be for the purpose of enabling him to cross-examine them, but as is plainly to be inferred from the position taken by his counsel, it was for the purpose of having them examined anew on the part of the proponent.

The contestant's counsel insists that objections having been filed, the depositions were no longer sufficient proof. If the depositions so-called had been affidavits taken out of court, they would not have been proof in the surrogate's court whether the proceedings were contested or not. But the return shows that they were taken before the surrogate in open court, the witnesses being produced and examined before him; and they were strictly proofs and examinations "reduced to writing," as required by the statute. (Laws of 1837, chap. 460, § 10.)

The case of *Collier* v. *Idley's Exr.* (1 Brad. Sur. R., 94), cited by the counsel for the appellant, has no application to the present

discussion.    That was a case under 2 Revised Statutes, 61 (§ 30), which provides that notwithstanding a will of personal property may have been admitted to probate, any of the next of kin to the testator may, at any time within one year after such probate, contest the same or the validity of such will, in the manner therein provided.    Allegations being filed against the validity of the will, or the competency of the proof; the surrogate is to cite the executors, etc., to appear before him and show cause why the probate should not be revoked.    (Section 32.)    The surrogate shall decide upon the proof taken before him on the hearing of the parties.    (Section 35.)    It could hardly be doubted that in such a proceeding the proof taken on the probate of the will could not be given in evidence.    And so the surrogate held in that case.    But the decision, as we understand it, was put upon the intelligible ground that the testimony taken on the probate was not proof for any purpose, not because it was in the shape of depositions, but because the proceedings then pending were of such a nature that the proponent was required to prove the will *de novo.*

The decree of the surrogate should be affirmed, with costs.

Mullin, P. J., and Talcott, J., concurred.

Decree of surrogate affirmed, with costs to be paid by the appellant.